IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROBROY INDUSTRIES - TEXAS, LLC, a Texas corporation, and ROBROY INDUSTRIES, INC., a Pennsylvania corporation, | ) ) ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| THOMAS & BETTS CORPORATION, a Tennessee corporation, | ) ) ) | |
| Defendants. | ) ) ) ) | |

## <u>COMPLAINT</u>

The Plaintiffs, Robroy Industries - Texas, LLC ("Robroy-Texas") and Robroy Industries, Inc. ("Robroy") by their counsel, Cohen & Grigsby, P.C. and Coghlan Crowson LLP, bring the following causes of action against Defendant, Thomas & Betts Corporation ("Thomas & Betts") and in support thereof represent the following:

<u>Parties</u>

1.      Robroy-Texas is a Texas LLC with its principal place of business at Highway 271 & Dean Street, Gilmer, Texas.  It does business as Robroy Industries - Conduit Division.

2.      Robroy is a Pennsylvania corporation with its principal place of business in Verona, Pennsylvania.  Robroy owns the trademark "Robroy," which is licensed to Robroy-Texas.

3.      Thomas & Betts is a Tennessee corporation with its corporate offices located at 8155 T and B Boulevard, Memphis, Tennessee.  Thomas & Betts engages in business in the State of Texas, but does not maintain a regular place of business in this state or a designated agent for

service of process.  This proceeding arises out of business done by Thomas & Betts in the State of Texas and elsewhere.  Pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, the Texas Secretary of State is an agent for service of process on Thomas & Betts.  Pursuant to Section 17.026 of the same provision, service may be had on the Secretary of State by certified mail, return receipt requested, by mailing duplicate copies of the summons and Plaintiff's Complaint to the Secretary of State.  Pursuant to Section 5.253 of the Texas Business Organizations Code, the Secretary of State shall send one (1) copy of the summons and one (1) copy of Plaintiff's Complaint to Thomas & Betts by certified mail, return receipt requested, addressed to Thomas and Betts Corporation, 8155 T and B Boulevard, Memphis, Tennessee 38125.

## Jurisdiction and Venue

4.      This action is brought pursuant to section 34 of the Lanham Act, 15 U.S.C. § 1116, and this court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events complained of occurred within this district and the defendants are doing business in this district.

## Factual Background

6.      Robroy-Texas is a manufacturer of PVC-coated rigid metal conduit ("PVC-coated conduit").  This conduit is used in corrosive environments such as electric power plants, oil refining and chemical plants.

7.      The coated conduit is made of galvanized steel that then is coated with polyvinyl chloride for additional protection.

2

8.      Thomas & Betts is a competitor of Robroy-Texas in the manufacture and sale of PVC-coated conduit.  Thomas & Betts sells its PVC-coated conduit under the brand names Ocal and Ocal Blue.

9.      Both Thomas & Betts and Robroy-Texas sell PVC-coated rigid metal conduit pursuant to listings from Underwriters Laboratories ("UL").  UL is an organization dedicated to public safety.  UL promulgates and publishes safety standards for electrical equipment, devices, and related products.  UL also provides a "Listing Service."  Under UL's Listing Service, manufacturers of products submit samples of their products for testing and evaluation by UL safety engineers.  After examination and testing, UL issues a report of its investigation setting forth the test results and stating whether the product is adjudged to be in compliance with UL's requirements.  A product that does comply is eligible to be "listed" pursuant to agreements between the manufacturer and UL.  The manufacturer is authorized under these agreements to affix the "UL Listed" mark to those products that comply with the UL requirements.

10.     UL is independent of the manufacturers who seek to be UL listed.

11.     Robroy-Texas' coated conduit is sold with a label affixed stating that the product is UL listed.

12.     In order to maintain its UL listing, Robroy-Texas submits to regular inspections of its premises and products by UL personnel, and UL personnel select and submit samples of Robroy-Texas' products to UL Laboratories for inspection and testing.

13.     UL has adopted a "standard for safety for rigid metal conduit steel whether it is coated with PVC or not."  This standard is called UL Standard for Safety for Electrical Rigid Metal Conduit-Steel, UL 6 ("UL 6").

14.     The UL standards incorporate the NEMA RN-1 (PVC-coated conduit) and ANSI C80.1 (covering galvanized pipe) specifications.

15.     In order to be marketed and sold with the UL listed label, the coated conduit must comply with UL conducted testing, and Robroy-Texas' products have always met the UL 6 standards and the standards incorporated into UL 6.  Robroy-Texas' PVC coating is also UL listed.

16.     A UL listing and the ability to use the "UL Listed" mark on their products are important to manufacturers such as Thomas & Betts and Robroy-Texas because public authorities frequently require the use of "UL Listed" materials and because architects, builders, and other buyers frequently specify that "UL Listed" products must be used.  Plaintiffs are informed and believe that purchasers of PVC-coated rigid metal conduit rely upon the existence of the UL listing and the presence of the "UL Listed" mark in purchasing conduit.

17.     Robroy-Texas' coated conduit is regularly tested by UL and undergoes a predetermined quality assurance process during manufacturing for compliance with UL 6.

18.     Robroy-Texas' conduit has passed all tests for UL 6 compliance at all stages of the manufacturing process and after the manufacturing process is complete.

19.     As recently as January 5, 2015, UL informed Robroy-Texas that its coated conduit conforms with UL 6 based on laboratory testing of samples selected by UL.

20.     In 1996, Robroy-Texas and Ocal, Inc. ("Ocal") (whose assets are now Thomas & Betts) engaged in litigation that among other things, included allegations by Ocal (1) that Robroy's PVC-coated conduit did not comply with UL 6 and (2) that Robroy, during its manufacturing process, ground away the galvanized coating of its pipe before applying the PVC coating.

21.     On or about May 31, 1996, Ocal sent a letter signed by its then President, Ilan Bender, to customers of Robroy-Texas.  That letter, which was on Ocal letterhead, stated:

    (a)       Robroy's coated conduit did not comply with UL 6,

    (b)       Ocal's coated conduit did comply with these standards,

    (c)       Ocal had conducted tests of Robroy's coated conduit that proved it did not meet UL 6 standards,

    (d)       Robroy was not entitled to use the UL label and use of the label was misleading consumers,

    (e)       asking Customers of Robroy to write to UL demanding that UL take action against Robroy, and

    (f)       suggesting that the recipients should write to Robroy, its distributors, and its sales representatives regarding the alleged failure to comply with UL 6.

22.     As a result of that letter, litigation ensued between Robroy and Ocal.  In settling these actions Ocal agreed to "instruct its sales employees, officers, directors and independent sales representations not to represent that Robroy conduit does not comply with "Underwriters Laboratories Standard for Safety UL 6 standards for zinc coating. . . ."

23.     In 1998, competitors of Robroy-Texas complained to Underwriters Laboratories that Robroy's products did not comply with UL 6.

24.     After an investigation, Underwriters Laboratories again determined that Robroy-Texas products complied with UL 6.

25.     Since that time, other competitors have made similar statements in an attempt to compete unfairly with Robroy-Texas and to disparage the Robroy trademark.

26.     In connection with projects involving the use of PVC-coated conduit, the Robroy-Texas products are often included in the specifications for projects due to their superior wear characterization.  For example, Robroy-Texas' products are the only PVC-coated conduit to meet Intertek's ETL PVC-001 Standards.  Intertek is another independent testing organization.

27.     The ETL PVC-001 standards also are often included in the specifications for projects using PVC-coated conduit.

28.     Because the Thomas & Betts products are not entitled to carry the ETL label, Thomas & Betts competes by falsely claiming that Robroy-Texas products do not meet the UL 6 standard.

29.     Robroy-Texas has recently learned that in instances where the Thomas & Betts product is not listed for use on projects, salesmen for Thomas & Betts have used a power point presentation (attached as Exhibit A to this Complaint) containing multiple false statements and a form letter (Attached as Exhibit B to this Complaint) that disparage the Robroy-Texas products and Robroy trademark by making the knowingly false claim that Robroy-Texas' products do not comply with UL 6.

30.     In addition, Thomas & Betts sponsors internet sites that falsely claim that its PVC-coated conduit is the only product that fully complies with UL 6.

31.     Among the false statements made in the power point (Exhibit A) are:

(a)     that Ocal is the "only" product that meets UL 6 standards for zinc coating and PVC coating;

(b)     that Ocal is the "only" product with hot dipped galvanized threads; and

(c)     that Ocal is the "only" product that complies with ANSI C80, UL 6, NEMA standards without exception.

32.     The letter that accompanies the power point (Exhibit B) makes the following statements that are known by Thomas & Betts to be false:

(a)     that Robroy-Texas damages the zinc layer of its conduit;

(b)     that Robroy-Texas' product is inconsistent with the intent of the language of UL 6, NEMA RN1 and ANSI C80.1.

33.     The original source of these false statements appears to be a letter written and used in 2007.  A true and correct copy of this letter is attached as Exhibit C.

34.     On information and belief, representatives of Thomas & Betts used these slides (Exhibit A) and a version of the form letter (Exhibit B) and other similarly misleading documents, along with oral misrepresentations to have their product approved and to make sales to the Bridges and Tunnels Authority of New York and to the Delaware Port Authority.

35.     On information and belief, representatives of Thomas & Betts also used false information to get its products approved and make sales to the following cities and departments:

| | |
|---|---|
| Austin | Philadelphia |
| Houston | Chicago |
| Dallas/Ft. Worth | St. Louis |
| Las Vegas | Albuquerque |
| San Francisco | Richmond |
| New Orleans | Galveston |
| Baton Rouge | Birmingham |
| Florida DOT | Texas DOT |

36.     On information and belief, Thomas & Betts also used these and other similar false statements to have its products approved and make sales to the following companies:

| | |
|---|---|
| Chevron | PPG |
| Valero | Colonial Pipeline |
| Shell | Explorer Pipeline |
| General Mills | Kinder Morgan Pipeline |
| Enterprise | And numerous Engineering firms |

37.     Once these letters were used, the Ocal products, which previously were not approved, were approved, and Thomas & Betts  made substantial sales as a result.

38.     On March 10, 2015, Robroy and Robroy-Texas sent a cease and desist letter to Thomas & Betts.  That letter was received on March 16, 2015.  Since that date, Thomas & Betts has failed to take down the misleading websites.  A true and correct copy of the cease and desist letter is attached as Exhibit D.

39.     As a result of the letters sent to customers, Robroy and Robroy-Texas have been harmed in the following particulars:

(a)     their reputation for excellent quality has been damaged;

(b)     as a result of numerous inquiries from sales representatives, distributors, contractors, specifiers, and end users, Robroy-Texas and Robroy have been forced to spend time and money eliminating confusion among customers and refuting the false statements made by Thomas & Betts; and

(c)     Robroy-Texas has lost sales directly related to the false statements.

COUNT I
(Violation of the Lanham Act § 43(a))

40.     The averments of paragraphs 1-39 of the Complaint are incorporated by reference.

41.     Thomas & Betts, by distributing the letter attached as Exhibit B to this Complaint and the power point attached as Exhibit A to the Complaint in commercial advertising or production, have made false statements of fact about Robroy-Texas' goods and both plaintiffs' commercial activities.

42.     These false statements and similar false and written statements have deceived Robroy-Texas' customers as evidenced by the numerous inquiries to Robroy and Robroy-Texas and as evidenced by the Thomas & Betts products being included in specifications due to the false misrepresentations regarding Robroy products.

43.     The false allegations made regarding Robroy-Texas' PVC-coated conduit are material and likely to influence the purchasing decisions of potential customers.

44.     The false statements were made in connection with PVC-coated conduit that is sold in interstate commerce.

8

45.     As a result of the false statements, Robroy and Robroy-Texas have been harmed as set forth in paragraph 39 of the Complaint.

46.     Thomas & Betts has taken these acts in bad faith and without any legal justification. Thomas & Betts either knew or should have known that Robroy-Texas' products comply with UL 6 and the other incorporated standards.  As a result of these unusual circumstances, Robroy and Robroy-Texas are entitled to an award of attorney's fees and an award of exemplary damages.

WHEREFORE, Robroy and Robroy-Texas pray that the Court:

(a)     order Thomas & Betts to disclose all instances in which the power point and the letter or similar letters were used;

(b)     grant a preliminary and thereafter a permanent injunction ordering Thomas & Betts to:

1.     cease and desist all such false advertising;

2.     send corrective letters to all recipients and to UL setting forth the falsity of the prior letter; and

3.     be enjoined from disseminating any false or misleading statements regarding Robroy or its products in the future.

(c)     award compensatory damages trebled;

(d)     award costs and attorneys' fees; and

(e)     award any other relief deemed just and proper by the Court.

COUNT II
(Trade Defamation)

47.     The averments of paragraphs 1-46 are incorporated by reference.

48.     The facts set forth in the power point (Exhibit B) and the form letter published and circulated by defendants (Exhibit A) are false and misleading.  These same statements are also

9

included on websites sponsored by Thomas & Betts and its agents.  Upon information and belief,
Thomas & Betts has made other similar statements.

49.     As of the time of the publication, defendants knew or should have known there was
no basis in fact for the statements.

50.     The false statements were published willfully or with reckless disregard of the truth.

51.     The false statements were published with specific intent to harm the reputations
and business of plaintiffs.

52.     The intentional publication was done with malice, ill will and without legal
justification.

53.     Defendants knew the false statements would harm plaintiffs' reputations and the
intended recipients understood the defamatory nature of the false statements.

54.     As a result of the publication of the false statements, plaintiffs have been harmed
as set forth in paragraph 39 of the Complaint.

WHEREFORE, Robroy and Robroy-Texas pray that the Court:

(a)     order Thomas & Betts to disclose all instances in which the
        power point and the letter or similar letters were used;

(b)     grant a preliminary and thereafter a permanent injunction
        ordering Thomas & Betts to:

        1.     cease and desist all such false advertising;

        2.     send correction letters to all recipients and UL setting
               forth the falsity of the prior letter; and

        3.     be enjoined from disseminating any false or
               misleading statements regarding Robroy or its
               products in the future.

(c)     award compensatory damages;

(d)     award punitive damages; and

10

(e)     award any other relief deemed just and proper by the court.

## COUNT III
### (Unfair Competition)

55.     The averments of paragraphs 1-54 are incorporated by reference.

56.     Thomas & Betts, by distributing the letter attached as Exhibit B to this Complaint and the power point attached as Exhibit A to the Complaint, have made false statements of fact about Robroy-Texas' goods and both plaintiffs' commercial activities.

57.     These statements constitute false advertising under the Lanham Act, and common-law disparagement under Texas law.

58.     These statements also constitute false, misleading, or deceptive acts or practices in the conduct of trade or commerce, which are injurious to the public as set forth in Texas Business Code § 17.46(8).

59.     Defendants' conduct in making these statements is contrary to honest practice in industrial or commercial matters.

60.     This dishonest conduct has interfered with plaintiffs' ability to conduct their business.

61.     As a result of the publication of the false statements, plaintiffs have been harmed as set forth in paragraph 39 of the Complaint.

WHEREFORE, Robroy and Robroy-Texas pray that the Court:

(a)     order Thomas & Betts to disclose all instances in which the power point and the letter or similar letters were used;

(b)     grant a preliminary and thereafter a permanent injunction ordering Thomas & Betts to:

1.     cease and desist all such false advertising;

11

       2.      send correction letters to all recipients and UL setting forth the falsity of the prior letter; and

       3.      be enjoined from disseminating any false or misleading statements regarding Robroy or its products in the future.

(c)      award compensatory damages;

(d)      award punitive damages; and

(e)      award any other relief deemed just and proper by the court.

Robroy and Robroy-Texas demand a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Stayton L. Worthington*
Stayton L. Worthington
State Bar No. 22010200

COGHLAN CROWSON
P.O. Box 2665
1127 Judson Road
Suite 211
Longview, Texas  75601
(903) 758-5543
FAX (903) 753-6989

Larry K. Elliott, Esq.
David R. Russey, Esq.
COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, Pennsylvania  15222
(412) 394-4900
FAX (412) 209-0672

2085921.v1