# Exhibit 5

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement And Mutual General Release ("Agreement") is made and entered into by and between Ocal, Inc. and Ocal Incorporated (collectively "Ocal"), on the one hand, and Robroy Industries, Inc. and Robroy Industries-Texas, Inc. (collectively "Robroy"), on the other hand, with reference to the following facts:

### RECITALS

A.    On or about May 24, 1996, Ocal, Inc. filed a Complaint for Damages and Injunctive Relief for False Advertising, Unfair Competition, and Intentional Interference with Advantageous Business Relations in the Superior Court of the State of California in and for the County of Los Angeles, which was assigned Case No. BC 150641. On or about July 1, 1996, Robroy removed the Complaint to the United States District Court for the Central District of California, which assigned Case No. CV-96-4596 WDK (RNBx). On or about September 19, 1996, Ocal filed a First Amended Complaint for Damages and Injunctive Relief for False Advertising, Unfair Competition, and Intentional Interference with Advantageous Business Relations. On or about November 21, 1996, Ocal filed a Second Amended Complaint for Damages and Injunctive Relief for False Advertising, Unfair Competition, and Intentional Interference with Advantageous Business Relations. (The Complaint, the First Amended Complaint, and the Second Amended Complaint shall collectively be referred to as the "Ocal Complaint".)

B.    On or about July 9, 1996, Robroy filed a Complaint for Damages and Injunctive Relief for False Advertising and Trade Defamation in the United States District Court for the

-1-

EXHIBIT 3

Northern District of Texas, which was assigned Case No. 3-96 CV1905-X (the "Robroy Complaint"). (The Ocal Complaint and the Robroy Complaint shall be collectively referred to as "the Action.") On or about November 8, 1996, by agreement of the parties, the Robroy Complaint was ordered transferred to the United States District Court for the Central District of California, where it was assigned Case No. 96-8192 RAP (Shx). Thereafter, a Notice of Related Case was filed and the Robroy Complaint was transferred to the same Courtroom in which the Ocal Complaint was pending, and reassigned USDC Case No. CV-96-8192-WDK.

C.      The parties hereto desire to resolve all differences, disagreements, and disputes which exist or may exist among them based upon any and all dealings with each other at any time prior to the execution of this Agreement including, without limitation, the disputes involved in the Action. Each party hereto denies any wrongdoing, illegal conduct, or liability whatsoever on its part. Nevertheless, each party has concluded that it is in his best interests to resolve all disputes on the terms set forth herein.

**AGREEMENT**

NOW, THEREFORE, pursuant to this desire and in consideration of the mutual promises contained herein, the parties hereto agree as follows:

1.      **Dismissal Of Action.**

Concurrently with the execution of this Agreement, the attorneys for Ocal and the attorneys for Robroy shall execute a Stipulation for Dismissal with Prejudice in the form attached hereto as Exhibit A. Counsel for Ocal shall cause the executed Stipulation for Dismissal to be filed with the Court within five (5) business days after its execution by all

parties.  A conformed copy will be furnished to the attorneys for Robroy promptly upon entry of the Stipulation for Dismissal by the Court.

2.    No Admissions.

This Agreement is executed pursuant to a compromise and settlement entered into by each party hereto without any admission of liability to the other, but solely for the purpose of avoiding costly litigation, further uncertainty, controversy, and legal expense.  Nothing contained herein shall be construed as an inference or admission by any party or as evidencing or indicating in any degree the truth or correctness of any claims or defenses asserted by either party.

3.    Releases.

(a)    Ocal, on behalf of itself and its successors and assigns, hereby absolutely and forever releases and discharges Robroy, and each of its successors, predecessors, agents, employees, officers, directors, representatives, and attorneys (including, without limitation, Cohen & Grigsby, P.C., Richards, Medlock & Andrews, Sidley & Austin, Brown, Winfield & Canzoneri, and Katharine A. Miller), from any and all claims, demands, debts, causes of action, rights, liens, losses, damages, obligations, liabilities, and defenses of any kind or character whatsoever (whether known or unknown, suspected or unsuspected), at law or in equity or otherwise which Ocal now has or claims to have acquired against Robroy from the beginning of time to the effective date of this Agreement including, but not limited to, those claims relating to or arising out of any or all of:  (a) the Action, (b) any and all of the events and transactions described in the Ocal Complaint, (c) any and all of the events and transactions described in the Robroy Complaint, (d) any actions undertaken in connection with the filing,

prosecution, and maintenance of the Action, and (e) any actions undertaken in defending the Action (hereafter the "Released Matters").

(b)   Robroy, on behalf of itself and its successors and assigns, hereby absolutely and forever releases and discharges Ocal and each of its successors, predecessors, agents, employees, officers, directors, representatives, and attorneys (including, without limitation, Browne & Woods LLP and Conant, Whittenburg, French & Schacter, P.C.) from any and all claims, demands, debts, causes of action, rights, liens, losses, damages, obligations, liabilities, and defenses of any kind or character whatsoever (whether known or unknown, suspected or unsuspected), at law or in equity or otherwise which Robroy now has or claims to have acquired against Ocal from the beginning of time to the effective date of this Agreement including, but not limited to, those claims relating to or arising out of any or all of: (a) the Action, (b) any and all of the events and transactions described in the Ocal Complaint, (c) any and all of the events and transactions described in the Robroy Complaint, (d) any actions undertaken in connection with the filing, prosecution, and maintenance of the Action, and (e) any actions undertaken in defending the Action (hereafter the "Released Matters").

4.   **Waiver Of Civil Code § 1542.**

Each party hereto hereby acknowledges that he has been informed by his respective attorneys of, and that he is familiar with, Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

-4-

EXHIBIT 3

Each party expressly waives and relinquishes all rights and benefits vis-a-vis the parties released hereby which it has or may have under Section 1542 of the Civil Code (or any analogous provision under the laws of Pennsylvania, Texas, or any other State) to the full extent it lawfully may waive such rights and benefits. Each party hereto acknowledges that he is aware that he, or his attorneys, may hereafter discover facts different from or in addition to those which he or his attorneys now know or believe to be true with respect to the Released Matters, and each agrees that the general release so given shall be and remain in effect as a full and complete release of the parties released thereby notwithstanding any such different or additional facts.

5.    Confidentiality.

Each of the parties hereto agrees that, except as specified below, neither they nor any of their representatives including, but not limited to, their employees, officers, or agents shall disclose, disseminate or publicize the terms of this Agreement to any individual or entity not a party hereto. The only disclosures which shall be permitted are:

(a)    Ocal and Robroy shall immediately issue a joint statement in the form attached hereto as Exhibit B. Exhibit B shall be the only public comment made by the parties hereto. However, nothing in this Agreement shall be construed to prevent Robroy or its employees or agents from advertising, representing, and/or stating that Robroy's products comply with UL 6, ANSI C80.1, and/or NEMA RN-1 standards for zinc coating, subject to all applicable laws, rules, and regulations.

(b)    Ocal shall provide to each of its employees a letter in the form attached hereto as Exhibit C, and to each of its independent sales representatives

a letter in the form attached hereto as Exhibit E. Robroy shall provide to each of its employees a letter in the form attached hereto as Exhibit D, and to each of its independent sales representatives a letter in the form attached hereto as Exhibit F. Ocal and Robroy shall use their best efforts to ensure that their respective independent sales representatives abide by the instructions contained in Exhibits D and F, respectively.

(c)   This Agreement may be disclosed if such disclosure is: (i) required in response to an order of a court of competent jurisdiction; (ii) required in response to an inquiry or order issued by a state or federal agency of competent jurisdiction; (iii) required in order to comply with any reporting obligation to any state or federal agency including, without limitation, the Internal Revenue Service, the Securities and Exchange Commission, and the Franchise Tax Board; (iv) in response to a request from the parties' insurers or prospective insurers; (v) in connection with future litigation between the parties hereto; (vi) to the parties' legal, tax, and financial advisors; or (vii) to any of the parties to the Action or their representatives. In the event that disclosure is necessary pursuant to the above-listed provisions, the party making such disclosure shall apprise the third party to whom such disclosure is made that the information is confidential and use his or its best efforts to secure an agreement from such third party to maintain the confidentiality of the information. However, the obligation to use best efforts to secure an agreement from third parties to whom disclosure is made to maintain the confidentiality of the information shall not

EXHIBIT 3

apply to disclosures made pursuant to or in accordance with subsections (i), (ii), or (iii) above.

(d)     In the event of a breach of any provision of Paragraph 5 of this Agreement by an employee of either Robroy or Ocal, such employee shall have his/her employment upon satisfactory evidence immediately terminated by his/her employer.

(e)     The parties agree that it would be difficult to ascertain with precision the amount of damages that would be suffered by a breach of this confidentiality provision of this Agreement and estimate that any breach of this provision by any of the parties (or their employees) would likely cause a minimum of $50,000 in damages. Therefore, it is agreed that, for each separate breach of any provision of Paragraph 5 of this Agreement, the non-breaching party shall be entitled, in addition to any other remedies provided herein, to liquidated damages in the amount of $50,000, plus all fees and expenses incurred by the non-breaching party, legal or otherwise, in proving the existence of the breach (if denied by the breaching party) and in collecting the liquidated damages.

6.     **Instructions To Ocal Employees And Agents.**

Ocal will verbally instruct its sales employees, officers, directors, and independent sales representatives not to represent that Robroy conduit does not comply with Underwriters Laboratories Standard for Safety UL 6 standards for zinc coating unless (1) Underwriters Laboratories disallows Robroy's UL listing, or (2) Robroy changes its production processes; provided, however, that a statement made by an employee or agent in violation of these

EXHIBIT 3

instructions shall not be deemed a breach of this Agreement by Ocal, providing Ocal executes disciplinary action as provided by Exhibits C and E.

   7.   <u>Copies Of Agreement</u>.

Once this Agreement is executed, copies shall be given only to Ilan Bender and Peter McIlroy and the parties' respective counsel of record, and all of those parties shall be prohibited from providing a copy of this Agreement or showing a copy of this Agreement to any other person. No copies and no drafts shall be retained or maintained by any other employee or representative of Robroy or Ocal or their counsel, and all such employees and representatives shall be obligated to return all such copies and drafts immediately to Ilan Bender, in the case of Ocal, and to Peter McIlroy, in the case of Robroy.

   8.   <u>Integrated Agreement</u>.

This instrument is an integrated agreement containing the entire agreement and understanding of the parties concerning the Action, settlement thereof, and the subject matter thereof, and supersedes and replaces all prior negotiations and agreements between the parties hereto, or any of them, whether written or oral. Each of the parties hereto acknowledges that he has been represented by independent counsel of his own choice throughout all negotiations which have preceded the execution of this Agreement and that he has executed this Agreement with the advice of said independent counsel. Each of the parties hereto acknowledges that no other party, or agent, or attorney of any other party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the other party to execute this Agreement, and each party hereto acknowledges that he has not executed this instrument in reliance upon any such promise, representation, or warranty not contained herein.

-8-

EXHIBIT 3

9.   <u>Representations And Warranties</u>.

(a)   Each party hereto represents and warrants to each other party hereto that no portion of any of the Released Matters has been assigned or transferred to any other person or entity.   Each party hereto agrees to indemnify, defend, and hold harmless each other party from all loss, costs, claims, or expenses (including, but not limited to, all expenses of investigation and defense of any such claim or action, including reasonable attorneys' fees and costs) arising out of any claim made or action instituted by any person or entity who claims to be the beneficiary of such assignment or transfer and to pay and satisfy any judgment resulting from or any settlement of any such claim or action.

(b)   Each individual signing this Agreement warrants and represents that he has full authority to execute this Agreement on behalf of the party on whose behalf he so signs.

(c)   Each party hereto agrees to execute all further documents and instruments necessary to implement and/or effectuate this Agreement.

10.   <u>Attorneys' Fees</u>.

Each party shall bear its own attorneys' fees and costs of suit incurred in connection with the Action.   In the event that any party should bring any action, suit, or other proceeding on any claim, demand, debt, liability, obligation, account, or cause of action herein discharged and released, or contesting the validity of this Agreement, or attempting to enforce the terms and provisions of this Agreement, or to obtain any remedy or relief for any breach of this Agreement, or to rescind, engage, modify, or reform this Agreement or any of the

EXHIBIT 3

terms or provisions hereof, the prevailing party shall recover such party's attorneys' fees and

costs (whether recoverable by statute or not) incurred in each and every such action, suit, or

other proceeding, including any and all appeals or petitions therefrom.

    11.    <u>Notices</u>.

    Any notice given hereunder shall be in writing and shall be delivered, postage prepaid,

certified mail, return receipt requested, addressed as follows:

    To:   Ocal

        c/o Benjamin D. Scheibe
        Browne & Woods LLP
        450 North Roxbury Drive, Seventh Floor
        Beverly Hills, California  90210

    To:   Robroy

        Larry K. Elliott, Esq.
        Cohen & Grigsby, P.C.
        2900 CNG Tower
        625 Liberty Avenue
        Pittsburgh, PA 15222-3115

or to such other address as the parties hereto may from time to time designate by like notice.

When notice is given, the date of mailing shall be deemed the date of giving such notice.

    12.    <u>Severability</u>.

    If any provision of this Agreement is held to be invalid, void, or unenforceable, the

balance of the provisions shall, nevertheless, remain in full force and effect and shall in no way

be affected, impaired, or invalidated.  The waiver of any one provision shall not be deemed

a waiver of any other provision herein.

    13.    <u>Modification Or Amendment</u>.

    This Agreement may be changed, modified, or amended only by a written instrument

signed by all parties hereto.

                                EXHIBIT 3

14. <u>Agreement Binding On Successors</u>.

This Agreement shall be binding upon and inure to the benefit of each of the parties, their respective assigns, successors in interest, and legal representatives.

15. <u>No Party Deemed Drafter</u>.

This Agreement shall be construed without regard to the identity of the person who drafted the various provisions. Each and every provision of this Agreement shall be construed as though all of the parties participated equally in the drafting of them, and any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

16. <u>California Law To Govern</u>.

This Agreement is made and entered into in the State of California and shall in all respects be interpreted and enforced and governed by and under the laws of said State. The parties agree that any action to enforce, rescind, or reform this Agreement, or for damages for violation of this Agreement, shall be brought in the Superior Court in and for the County of Los Angeles or the United States District Court for the Central District of California.

17. <u>Counterparts</u>.

The parties hereto acknowledge and agree that this Agreement may be executed in separate identical counterparts, and that it shall become effective when such separate counterparts have been exchanged between the parties. A telecopied signature shall be equivalent to an original signature and shall bind any party so transmitting a signature to the Agreement the same as if the signature were an inked original. An inked original shall also

EXHIBIT 3

be provided, but failure to so provide an inked original shall not affect the validity or binding

effect of the Agreement.

Dated: _____          OCAL, INC.


                                          By_____
                                              Ilan Bender
                                              Its President

Dated: _____          OCAL, INCORPORATED


                                          By_____
                                              Ilan Bender
                                              Its President


Dated: _____          ROBROY INDUSTRIES, INC.


                                          By _____
                                              Peter McIlroy
                                              Its President


Dated: _____          ROBROY INDUSTRIES-TEXAS, INC.


                                          By _____
                                              Peter McIlroy
                                              Chairman of the Board

-12-

EXHIBIT 3

APPROVED AS TO FORM:

BROWNE & WOODS LLP


By _____
      Benjamin D. Scheibe
Attorneys for Ocal


COHEN & GRIGSBY, P.C.

By: _____
    Larry Elliott
Attorneys for Robroy

-13-

EXHIBIT 3

**EXHIBIT A**

EXHIBIT 3

```
 1  BROWNE & WOODS LLP
    Allan Browne (State Bar No. 34923)
 2  Benjamin D. Scheibe (State Bar No. 101327)
    James D. Kozmor (State Bar No. 166622)
 3  450 North Roxbury Drive, Seventh Floor
    Beverly Hills, California  90210-4231
 4  (310) 274-7100

 5
    Attorneys for Plaintiffs Ocal, Inc.
 6  and Ocal Incorporated

 7
                   UNITED STATES DISTRICT COURT
 8
                   CENTRAL DISTRICT OF CALIFORNIA
 9
10  OCAL, INC., a Delaware        )  No. CV-96-4596 WDK (RNBx)
    corporation, and OCAL         )
11  INCORPORATED, an Alabama      )
    corporation,                  )
12                                )
                 Plaintiffs,      )
13                                )
         vs.                      )
14                                )
    ROBROY INDUSTRIES INC., a     )
15  Pennsylvania corporation, ROBROY )
    INDUSTRIES-TEXAS, INC., a Delaware )
16  Corporation, and DOES 1 through )
    100, inclusive,               )
17                                )  No. CV-96-8192 WDK
                 Defendants.      )
18  _____)  (Previously No. 96-1892 RAP
                                  )  (Shx))
19  ROBROY INDUSTRIES-TEXAS, INC., a )
    Delaware corporation, and ROBROY )  STIPULATION FOR DISMISSAL OF
20  INDUSTRIES, INC., a Pennsylvania )  ACTIONS WITH PREJUDICE
    corporation,                  )
21                                )
                 Plaintiffs,      )
22                                )
         vs.                      )
23                                )
    OCAL, INC., a Delaware        )
24  corporation, and OCAL         )
    INCORPORATED, an Alabama      )
25  corporation,                  )
                                  )
26               Defendants.      )
                                  )
27  _____)

28
```

c:\docsopen\bschelbe\0041991.01

1  WHEREAS, May 24, 1996, Ocal, Inc. filed a Complaint for

2  Damages and Injunctive Relief for False Advertising, Unfair

3  Competition, and Intentional Interference with Advantageous

4  Business Relations in the Superior Court of the State of Califor-

5  nia in and for the County of Los Angeles, which was assigned Case

6  No. BC 150641.

7  WHEREAS, on or about July 1, 1996, Robroy removed the Com-

8  plaint to the United States District Court for the Central Dis-

9  trict of California, which assigned Case No. CV-96-4596

10  WDK (RNBx).

11  WHEREAS, Ocal filed its First Amended Complaint on September

12  19, 1996, and its Second Amended Complaint on November 21, 1996.

13  (The Complaint, the First Amended Complaint, and the Second

14  Amended Complaint shall collectively be referred to as the "Ocal

15  Complaint".)

16  WHEREAS, on or about July 9, 1996, Robroy filed a Complaint

17  for Damages and Injunctive Relief for False Advertising and Trade

18  Defamation in the United States District Court for the Northern

19  District of Texas, which was assigned Case No. 3-96 CV1905-X (the

20  "Robroy Complaint");

21  WHEREAS, on or about November 8, 1996, by agreement of the

22  parties, the Robroy Complaint was ordered transferred to the

23  United States District Court for the Central District of Califor-

24  nia, where it was assigned Central District Case No. 96-8192 RAP

25  (Shx);

26  WHEREAS, a Notice of Related Case was thereafter filed and

27  the Robroy Complaint transferred to the same Courtroom in which

28

c:\docsopen\bschelbe\0041991.01

- 2 -

EXHIBIT 3

the Ocal Complaint was pending, and reassigned USDC Case No. CV-96-8192-WDK; and

WHEREAS, the parties hereto desire to resolve all differences, disagreements, and disputes arising from the matters alleged in the Ocal Complaint and the Robroy Complaint:

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel of record, that:

1. The Ocal Complaint may and shall be dismissed, with prejudice.

2. The Robroy Complaint may and shall be dismissed, with prejudice.

3. All parties shall bear their respective costs and attorneys' fees.

Dated: March __, 1997        BROWNE & WOODS LLP

                             By _____
                                Benjamin D. Scheibe

                             Attorneys for Ocal, Inc. and
                             Ocal Incorporated

Dated: March __, 1997        KATHARINE A. MILLER

                             COHEN & GRIGSBY, P.C.

                             By _____
                                Larry Elliott

                             Attorneys for Robroy Industries, Inc.
                             and Robroy Industries-Texas, Inc.

c:\docsopen\bscheibe\0041991.01

- 3 -

## O R D E R

Having read the foregoing, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.   The Ocal Complaint (USDC Case No. CV-96-4596 WDK (RNBx)) is hereby dismissed, with prejudice.

2.   The Robroy Complaint (USDC Case No. 96-8192 RAP, previously United States District Court for the Northern District of Texas Case No. 3-96 CV1905-X) is hereby dismissed, with prejudice.

3.   All parties hereto are to bear their respective costs and attorneys' fees.

Dated:   March __, 1997

_____
United States District Court Judge

c:\docsopen\bscheibe\0041991.01

- 4 -

EXHIBIT 3



**EXHIBIT B**

EXHIBIT 3

## EXHIBIT B

### JOINT STATEMENT

#### Ocal and Robroy Dismiss Lawsuits

    This is to announce that the litigation between Ocal, Inc., Ocal Incorporated, Robroy Industries, Inc., and Robroy Industries-Texas, Inc., has been dismissed with both sides having dropped their claims and lawsuits against the other.  No further comment concerning the lawsuits will be made by any of the companies.


_____        _____
Ilan Bender                            Peter McIlroy


c:\docsopen\bscheibe\0041962.01

EXHIBIT 3



EXHIBIT  C

EXHIBIT 3

## EXHIBIT C

### LETTER TO OCAL EMPLOYEES

TO ALL OCAL, INC. AND OCAL INCORPORATED EMPLOYEES:

### Re:  Resolution of Ocal/Robroy Litigation

     This is to advise you that the litigation between Ocal, Inc., Ocal Incorporated, Robroy Industries, Inc., and Robroy Industries-Texas, Inc., has been dismissed with both sides having dropped their claims and lawsuits against the other.  It is a condition of the dismissal that both sides keep the terms of the dismissal confidential.  The only public comment concerning the litigation by either side will be a joint statement made on behalf of Ocal and Robroy.

     You are not to provide any information to any person outside of Ocal, Inc. or Ocal Incorporated concerning the lawsuits and you are not to discuss the lawsuits with any person outside of Ocal, Inc. or Ocal Incorporated.  If asked about the lawsuits by any person, you are to state only the exact following words:  "the lawsuits have been dismissed and the parties have issued a joint statement".  If you are asked for a copy of the joint statement, you are authorized to provide a copy of the joint statement to the party who requested one.

     It is very important that you follow the instructions contained in this letter precisely.  Upon satisfactory evidence that any employee has violated these instructions, including providing unauthorized information about the lawsuits to persons outside of the Company, this shall result in the immediate termination of that employee's employment with the Company.

_____
Ilan Bender

EXHIBIT 3

**EXHIBIT D**

EXHIBIT 3

## EXHIBIT D

## LETTER TO ROBROY EMPLOYEES

TO ALL ROBROY INDUSTRIES, INC. AND ROBROY INDUSTRIES-TEXAS, INC. EMPLOYEES:

Re:  Resolution of Ocal/Robroy Litigation

This is to advise you that the litigation between Ocal, Inc., Ocal Incorporated, Robroy Industries, Inc., and Robroy Industries-Texas, Inc., has been dismissed with both sides having dropped their claims and lawsuits against the other.  It is a condition of the dismissal that both sides keep the terms of the dismissal confidential.  The only public comment concerning the litigation by either side will be a joint statement made on behalf of Ocal and Robroy.

You are not to provide any information to any person outside of Robroy Industries or Robroy Industries-Texas concerning the lawsuits and you are not to discuss the lawsuits with any person outside of Robroy Industries or Robroy Industries-Texas.  If asked about the lawsuits by any person, you are to state only the exact following words: "the lawsuits have been dismissed and the parties have issued a joint statement".  If you are asked for a copy of the joint statement, you are authorized to provide a copy of the joint statement to the party who requested one.

It is very important that you follow the instructions contained in this letter precisely.  Upon satisfactory evidence that any employee has violated these instructions, including providing unauthorized information about the lawsuits to persons outside of the Company, this shall result in the immediate termination of that employee's employment with the Company.

_____

Peter McIlroy

EXHIBIT 3

**EXHIBIT E**

EXHIBIT 3

## EXHIBIT E

### LETTER TO OCAL REPRESENTATIVES

TO ALL OCAL INCORPORATED SALES REPRESENTATIVES:

### Re:   Resolution of Ocal/Robroy Litigation

This is to advise you that the litigation between Ocal, Inc., Ocal Incorporated, Robroy Industries, Inc., and Robroy Industries-Texas, Inc., has been dismissed with both sides having dropped their claims and lawsuits against the other. It is a condition of the dismissal that both sides keep the terms of the dismissal confidential. The only public comment concerning the litigation by either side will be a joint statement made on behalf of Ocal and Robroy.

You are not to provide any information to any person outside of Ocal, Inc. or Ocal Incorporated concerning the lawsuits and you are not to discuss the lawsuits with any person outside of Ocal, Inc. or Ocal Incorporated. **If you are asked about the lawsuits by any person, you are to instruct the person to contact Ocal directly.**

It is very important that you follow the instructions contained in this letter precisely. **Violating these instructions, including providing unauthorized information about the lawsuits to persons outside of the Company, may be grounds for the termination or non-renewal of your representative agreement with the Company.**

Please signify your receipt and understanding of this letter by signing the enclosed copy of this letter and returning it to Ocal immediately.

_____
Ilan Bender

Received and understood.

By_____
Representative

c:\docsopen\bscheibe\0041960.01

EXHIBIT 3



**EXHIBIT F**

EXHIBIT 3

## EXHIBIT F

### LETTER TO ROBROY REPRESENTATIVES

TO ALL ROBROY INDUSTRIES SALES REPRESENTATIVES:

### Re:   Resolution of Ocal/Robroy Litigation

This is to advise you that the litigation between Ocal, Inc., Ocal Incorporated, Robroy Industries, Inc., and Robroy Industries-Texas, Inc., has been dismissed with both sides having dropped their claims and lawsuits against the other. It is a condition of the dismissal that both sides keep the terms of the dismissal confidential. The only public comment concerning the litigation by either side will be a joint statement made on behalf of Ocal and Robroy.

You are not to provide any information to any person outside of Robroy Industries or Robroy Industries-Texas concerning the lawsuits and you are not to discuss the lawsuits with any person outside of Robroy Industries or Robroy Industries-Texas. **If you are asked about the lawsuits by any person, you are to instruct the person to contact Robroy directly.**

It is very important that you follow the instructions contained in this letter precisely. **Violating these instructions, including providing unauthorized information about the lawsuits to persons outside of the Company, may be grounds for the termination or non-renewal of your representative agreement with the Company.**

Please signify your receipt and understanding of this letter by signing the enclosed copy of this letter and returning it to Robroy immediately.

_____
Peter McIlroy

Received and understood.

By_____
Representative

c:\docsopen\bscheibe\0041980.01

- 77 -                                                    EXHIBIT 3