# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROBROY INDUSTRIES – TEXAS, LLC, a Texas corporation, and ROBROY INDUSTRIES, INC., a Pennsylvania corporation<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMAS & BETTS CORPORATION, a Tennessee corporation,<br><br>*Defendant*. | Case No. 2:15-CV-512-WCB |

## MEMORANDUM AND ORDER

Before the Court is Defendant Thomas & Betts' Unopposed Motion for Leave to File Under Seal, Dkt. No. 44, and Plaintiffs' Unopposed Motion for Leave to File Under Seal, Dkt. No. 45. The motions are both DENIED without prejudice to the parties' right to refile the motions upon a showing of good cause to seal the subject materials.

The plaintiffs filed their Opposed Motion to Compel, for a Status Conference, and to Hold the Schedule in Abeyance on December 7, 2016. Dkt. No. 39. Although the motion was not filed under seal, certain of the attached exhibits were sealed. The defendant then filed an opposition to the motion, Dkt. No. 43, and the plaintiffs filed a reply, Dkt. No. 46. Both moved to have their briefs and exhibits filed under seal.

The two motions to seal are both very short. They assert that the briefs and exhibits at issue refer to information that has been designated as confidential or protected under the Court's protective order. That material, they assert, includes excerpts from depositions that were designated as confidential. No further representations as to the nature of the materials or the

need to protect them from disclosure is set forth in either motion to seal. Neither party objects to the other party's request to seal.

At the telephonic hearing held on January 8, 2016, to address various motions filed by the parties to date, the Court advised the parties that it would deny the motions to seal without prejudice to their right to file revised motions showing a justification for sealing the materials included in the briefs and exhibits in question. The Court explained that the public interest in conducting judicial business in the open weighed against the Court's entering a blanket sealing order where the need for sealing was not apparent. The Court files this order to provide a further explanation of its ruling.

The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also In re Violation of Rule 28(d), 635 F.3d 1352, 1356 (Fed. Cir. 2011); S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir.1993). In fact, "[t]here is a strong presumption in favor of a common law right of public access to court proceedings." United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir. 2010); In re Violation of Rule 28(d), 635 F.3d at 1356.

To be sure, the "right to inspect and copy judicial records is not absolute," Nixon, 435 U.S. at 598, and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to court records when necessary to ensure that those records "are not 'used to gratify private spite or promote public scandal,'" or "as sources of business information that might harm a litigant's competitive standing." Id.

The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." Id. at 599. The exercise of that discretion is not unguided, however. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" In re Violation of Rule 28(d), 635 F.3d at 1357 (quoting Nixon, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Van Waeyenberghe, 990 F.2d at 850 (alteration in original); see also id. ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'" (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that the district court's "discretion to seal the record of judicial proceedings is to be exercised charily," Van Waeyenberghe, 990 F.2d at 848, and the "decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" Holy Land, 624 F.3d at 690.

The principles governing the sealing of court materials have been applied differently in different settings. Where the materials relate to dispositive issues in the case, the interest in disclosure is at its greatest. It is in that setting that the burden on the party seeking to bar disclosure is the heaviest, and moving party is accordingly required to make a compelling showing of particularized need to prevent disclosure. See Center for Auto Safety v. Chrysler Group, LLC, No. 15-55084 (9th Cir. Jan. 11, 2016). Where the materials relate to non-

dispositive issues, the interest in disclosure is less compelling.  In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting.  See Foltz v. State Farm Mut. Auto Ins. Co., 333 F.3d 1122, 1135 (9th Cir. 2003); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312-13 (11th Cir. 2001); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164-65 (3d Cir. 1993).  Finally, materials such as discovery that is exchanged between the parties and not made part of a court filing are typically not regarded as court materials at all and are therefore not subject to the public interest in open judicial proceedings.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) (discovery is largely "conducted in private as a matter of modern practice," so the public is not  presumed to have a right of access to it); Baxter Int'l Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the public record."); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach."); Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."); In re Sealing and Non-Disclosure of Pen/Trap/2763(d) Orders, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008).

This case falls in the middle category.  It involves a discovery dispute, and the materials that are at issue do not implicate a dispositive issue in the case.  Accordingly, the presumption in favor of disclosure and the "compelling need" standard, both of which are applied to trial

proceedings and materials such as dispositive motions, is inapplicable here. Nonetheless, the materials have been filed in court and therefore are longer simply private materials that have been exchanged between the parties. In this setting, while the courts have not applied the "compelling need" standard, they have nevertheless reviewed requests for sealing orders. In so doing, the courts have applied the less demanding "good cause" standard, which corresponds to the "good cause" standard of Fed. R. Civ. P. 5.1(e) and 26(c). See Foltz, 333 F.3d at 1135; Anderson v. Cryovac, Inc., 805 F.2d at 13. As the Third Circuit explained in Leucadia, 998 F.2d at 165, although the presumption of disclosure does not ordinarily extend to discovery motions and the materials submitted in connection with those motions, the district courts still have an important role to play to protect the legitimate public interest in cases in which the parties seek to shield from view material which should not be sealed. "The public's right to inspect judicial records may not be evaded by a wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal." Id., quoting United States v. Corbitt, 879 F.2d 224, 228 (7th Cir. 1989).

In their motions to seal, neither party has made any attempt to demonstrate what specific prejudice or harm will result if the briefs and exhibits at issue are not sealed. Nor have the parties sought to segregate any sensitive materials by, for example, filing some of the exhibits under seal. Instead, they have asked to seal both briefs and all of the accompanying exhibits. As justification for the requests, they have simply asserted that certain materials have been designated as confidential and, as such, documents referencing those materials should be sealed. Such conclusory statements are insufficient to show good cause for wholesale sealing orders of the sort sought here. The Court therefore DENIES both motions. The parties may, however,

refile the motions if and when they can provide the Court with a showing of good cause to seal some or all of the materials at issue.  See <u>Interspan Distrib. Corp. v. Liberty Ins. Underwriters, Inc.</u>, Civil Action No. H-07-1078, 2009 WL 2588733 (S.D. Tex. Aug. 21, 2009).

In the event that the parties choose to file motions to seal some or all of the opposition and reply briefs and the accompanying exhibits, any such motions should be filed within 14 days of the date of this order.

IT IS SO ORDERED.

SIGNED this 27th day of January, 2016.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE